NOBARAK, Respondent, vs. SIMMONS and another, imp., Appellants.

*November 17—December 6, 1910.*

*Jurisdiction: Deposit to indemnify sureties, etc.: Control by court.*

Prior to the commencement of an action by a nonresident of this state against residents, money was deposited by a person not a party to the action to indemnify sureties for any loss they might sustain by signing an undertaking for costs on behalf of the plaintiff and to indemnify his attorneys for any costs which might be awarded against them. *Held*, that the court in which the action was tried had no jurisdiction to direct the application of any part of such money to a purpose other than that for which it was deposited (as, for instance, to satisfy the service claims of the plaintiff's attorneys), without the consent of the depositor, even though the attorneys for all parties to the action stipulated that it be so applied.

APPEAL from a judgment of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

Action to recover the value of a deposit claimed to have been made by plaintiff with defendants and wrongfully converted to their own use. The subject of deposit was $250. The answer was to this effect: One Charles Amien, a nonresident of this state, being about to commence an action against three residents thereof for false imprisonment, procured plaintiff to deposit with defendants $250 to indemnify them for any loss they might sustain by signing an undertaking for costs on behalf of Amien, and to indemnify Amien's attorneys for

any costs which might be awarded against them in the action. The deposit having been made and the undertaking signed the action was commenced. Such proceedings were duly had therein that Amien was adjudged to pay costs to the amount of $96.34. Thereafter the judgment was duly paid out of the money aforesaid, demand therefor upon the sureties having been made. Thereafter, by order of the circuit court made in the action, the balance of the deposit was paid to Amien's attorneys.

The evidence established the following as facts: Plaintiff deposited in defendants' bank $250 to indemnify defendants *Simmons* and *Potler* for signing the undertaking mentioned in the pleadings. A receipt was given to him by *Simmons,* as cashier of the bank, to the effect that the money was held "for bond liability of Charles Amien in the action" mentioned in the answer. Amien was a nonresident. The undertaking was in the ordinary form used in such cases. After Amien's action was dismissed and judgment for costs rendered against him and paid out of the deposit of $250, as indicated in the answer, his attorneys procured a stipulation to be signed, in form as an agreement between the attorneys for the respective parties in the action, to the effect that the balance of the money deposited by plaintiff should be paid over to Amien or his attorneys. Afterwards such attorneys presented such stipulation to the court and thereon caused an order to be made discharging the sureties on the undertaking and directing them to pay over the balance of the money in their hands to Amien's attorneys, in accordance with the stipulation. Subsequently the order was complied with, the amount of the fund, including some accrued interest, being $153.66. Plaintiff did not consent to the stipulation. He did not know of it or of the payment of money to the attorneys, or consent to such payment, or to use of the money at all, except such as was required to be paid to the clerk. As soon as plaintiff learned that the sureties on the undertaking

had been discharged, he made due demand for a return of the
money deposited by him, except such as had been used to save
them from liability. The demand was refused and there-
upon this action was brought. The defendants claimed they
were protected by the order of court. The plaintiff claimed
that the court had no jurisdiction to interfere in the private
matters between himself, who was not a party to any pro-
ceedings in court, and the defendants who controlled his
money, and no jurisdiction over his money, it not being *in
custodia legis*. The court directed a verdict in favor of the
plaintiff and against defendants *Simmons* and *Potter* for
$163.06, and a verdict of no cause of action as to defendant
bank.

The cause was submitted for the appellants on the brief
of *Duffy & McCrory,* and for the respondent on that of
*T. L. Doyle.*

MARSHALL, J. Appellants complain because the trial
court did not, at the close of respondent's case in chief, dismiss
the action as to defendant Commercial National Bank. It is
a sufficient answer thereto, that appellants were not in any
way prejudiced thereby, and as the bank has not appealed,
any grievance as to it is not here for consideration.

It is suggested that appellants were bound to pay over the
money, as they did, to the attorneys; that they would have
been guilty of contempt in refusing to do so. Counsel fail to
appreciate that the relations between appellants and respond-
ent were not subject to judicial interference in the Amien ac-
tion. Respondent was not a party thereto in any way. The
court had no more right to order his money, because it happened
to be on deposit with appellants for a particular purpose, ap-
plied to a different one, than to order the money of any other
stranger to the litigation, which happened to be under appel-
lants' control, if any, disbursed to satisfy the service claims of
the attorneys for defendants in the Amien action. The court

was without the slightest semblance of jurisdiction to make the order for confiscation of respondent's money. The mere fact that Amien's attorneys signed the stipulation for the order is of no significance. They were not the attorneys for respondent. The whole proceeding, as to all the parties concerned, was extra-judicial. An order of that character is of no force. It is no more a sufficient basis for contempt proceedings in case of its being ignored than would be the order of a person not clothed with the judicial office so as to be capable of making a judicial order, good in form.

No more need be said. There is no merit in the appeal.

*By the Court.*—The judgment is affirmed.